IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**BILLY E. GOSS**                                                   **PLAINTIFF**

v.                               Civil No.: 4:10-cv-4019

**JAIL ADMINISTRATOR KIM CULP**                           **DEFENDANT**

## REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE

Now before the Court is Plaintiff's Complaint. ECF No. 1. Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Use by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." *Id.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Harry F. Barnes, District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Complaint, ECF No. 1, be **DISMISSED with prejudice** for failure to prosecute this action and for failure to obey an Order of the Court.

    **I.**     **BACKGROUND**

Defendants filed a Motion for Summary Judgment on August 27, 2010. ECF No. 17. On August 30, 2010, this Court issued an Order directing Plaintiff to complete and return a Notice to the Court regarding whether the Plaintiff would require assistance from the Court in responding to the Motion for Summary Judgment. ECF No. 20. Plaintiff returned the Notice on September 16, 2010, requesting the assistance of the Court. ECF No. 21. Pursuant to Plaintiff's request, on January 12, 2011, Plaintiff was sent a questionnaire to serve as his response to the Motion for Summary Judgment and was ordered to complete, sign and return the response on or before February 11, 2011. ECF No. 22. Plaintiff was advised in that Order any failure to return the Response by February 11, 2011 "may subject this matter to dismissal for failure to comply with a court order." *Id*.

## II.  APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III.  DISCUSSION

Plaintiff was given until February 11, 2011 to return his Response to the Court.  ECF No. 22.  Plaintiff did not seek additional time beyond the February 11, 2011 deadline.  Moreover, the Court has received no returned mail or other indication Plaintiff did not receive a copy of the Response and Order.

Plaintiff was specifically cautioned in the Order directing him to complete the Response that failure to return a completed Response within the required time-frame could result in a summary dismissal of his case for failure to obey an order of the Court.  *Id.*  Accordingly, this case should be dismissed for failure to follow a Court order.

## IV.  CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED for failure to prosecute and failure to follow a Court Order.**

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 22nd day of February 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE